NATIONAL THRIFT CORPORATION OF AMERICA v. WELCH, Collector of Internal Revenue.

No. 3792–J.

District Court, S. D. California, Central Division.

Oct. 7, 1931.

Thomas R. Dempsey and A. Calder Mackay, both of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., and Alva C. Baird, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant.

JACOBS, District Judge.

Special Findings of Fact and Conclusions of Law.

The above-entitled action came on regularly for trial in the above-entitled court, the Hon. F. C. Jacobs, judge presiding, plaintiff appearing and being represented by its attorney, Calder Mackay, and the defendant appearing and being represented by its attorneys, Samuel W. McNabb, United States Attorney for the Southern District of California, and Alva C. Baird, Assistant United States Attorney for said district, and oral and documentary evidence having been introduced on behalf of the plaintiff, and oral and documentary evidence having been introduced on the part of the defendant, and the evidence having been closed and the matter submitted to the court for decision, the court now finds the following facts:

I. That the above-entitled action involved a federal statute, namely, title 8 of the Revenue Act of 1926 (26 USCA § 901 et seq.).

II. That the defendant, Galen H. Welch, was duly appointed United States collector of internal revenue for the Sixth district of California on or about the 6th day of April, 1926, and ever since said date has been, and now is, a duly appointed, qualified, and acting collector of internal revenue for the Sixth district of California, and is, and during all of said time has been, a resident of the county of Los Angeles, state of California.

III. That plaintiff is now, and at all times herein mentioned was, a corporation duly organized and existing under and by virtue of the laws of the state of Delaware, being regularly authorized to do business in the state of California, and having its principal place of business in California, in the city of Los Angeles, county of Los Angeles, state of California.

IV. That the plaintiff has at all times borne true allegiance to the government of the United States, and has not in any way voluntarily aided, abetted, or given encouragement to rebellion against said government, or aided or abetted in any manner or given comfort to any sovereign or government that is or ever has been at war with the United States.

V. That plaintiff has taken no action to collect the said amount other than filing its claim for refund and instituting the suit herein. That plaintiff has not assigned its claim for refund, and is now the owner thereof, and that no amount thereof has been repaid to plaintiff.

VI. That the plaintiff was engaged in the business of selling bonds, financing homes, lending money, and making investments. That in the conduct of its business it executed and issued from time to time its bonds in several classes and series, and in the sale or sales of said bonds, otherwise than for cash payments in full, plaintiff executed and issued collateral trust secured thrift certificates for first mortgage collateral trust gold bonds. These collateral trust thrift certificates were of different maturities and of different amounts, according to the denomination of the bonds, and were executed and issued in·two series designated as class A and class B. The purchasers of the aforesaid collateral trust thrift certificates had the option of making payments in installments on the monthly, quarterly, semiannual, and annual basis.

VII. Plaintiff operates through an independent sales corporation, which sales corporation contacts the public from whom it obtains applications for these installment thrift certificates. These applications are then submitted to plaintiff, and, if the application is accepted, plaintiff, upon the payment of the initial amount by the applicant, issues its installment thrift certificates. These installment thrift certificates, as a protection to the purchaser, are registered with a trustee, which during the period herein involved was the Metropolitan Trust Company of Los Angeles. Under the declaration of trust between the plaintiff and the Metropolitan Trust Company, plaintiff was and is required to keep on deposit with the trustee real estate collateral in an amount equal to 110 per cent. of the cash and loan values of the certificates issued· by plaintiff. The collateral deposited with the trustee consists of first mortgages, or first trust deeds on improved real estate, and does not exceed at any time 50 per cent. of the actual value of the real estate. The value of the real estate was and is determined by an appraisal made by an appraiser appointed by the state of California and an appraiser appointed by the trustee.

VIII. During the period from October 1, 1926, to October 1, 1928, plaintiff executed 6,006 of its class A installment thrift certificates of denominations varying from $500 to $5,000, having a total denomination of $17,538,000, on which at the time they were issued there was paid by the purchasers thereof as initial payments the total sum of $206,821.35, making the average initial amount paid on each $1,000 denomination the sum of $11.78. During the same period plaintiff issued 2,435 of its class B installment thrift certificates of denominations varying from $500 to $5,000, having a total denomination of $5,866,500, on which at the time they were issued there was paid by the purchasers thereof as initial payments the total sum of $75,887.31, making the average initial amount paid on each $1,000 denomination the sum of $12.90. That on 60.3 per cent. of the total number of certificates issued by plaintiff during the period from October 1, 1926, to October 1, 1928, there was paid but one monthly installment at the time the certificates were issued, and on 53 per cent. of the balance of the certificates issued there were three monthly installments or less paid as the initial payment at the time the certificates were issued.

IX. That the face value of said collateral trust thrift certificates was the amount appearing on the face thereof as being due at maturity.

X. That during the period here involved, October 1, 1926, to October 1, 1928, class A certificates were issued by the plaintiff, having a total face value of $17,538,000, and class B certificates were issued during the same period, having a total face value of $5,866,500. These certificates were generally known as corporate securities.

XI. That the Collateral Trust Thrift Certificates issued by the plaintiff were registered with the Metropolitan Trust Company of California as trustee. Said trustee, under the terms of a trust indenture, held as security for the payment of all obligations arising under said collateral trust certificates a "Trust deposit and pledge of monies and/or of interest-bearing first mortgages owned and held by it (plaintiff) upon improved real estate."

XII. That the plaintiff, during the period here involved, submitted to the supervision of the corporation commissioner of the state of California and issued its said collateral trust thrift certificates pursuant to a permit issued by said corporation commissioner.

XIII. That the said collateral trust secured thrift certificates were assignable by the purchasers thereof.

XIV. That the defendant demanded of the plaintiff that it pay the sum of $11,913.34, being for stamp taxes and interest on the certificates issued by plaintiff during the period October 1, 1926, to October 1, 1928, and pursuant to said demand plaintiff on or about

the 9th day of May, 1929, paid, under protest and duress, to the said collector the said sum of $11,913.34. That plaintiff had theretofore paid the sum of $463.25 as stamp taxes, which latter amount is not now in controversy.

XV. That on or about August 6, 1929 the plaintiff filed with the defendant a claim for refund of the amount of $11,913.34 paid by it under protest wherein plaintiff demanded the return of the full amount thereof, together with interest.

XVI. That thereafter, and on or about September 4, 1929, the Commissioner of Internal Revenue denied and rejected plaintiff's claim for refund.

XVII. That the provisions of the Revenue Act imposing the tax involved herein are not arbitrary and/or capricious, and do not amount to confiscation, and that said provisions are not in violation of the Fifth Amendment to the Constitution of the United States of America.

## Conclusions of Law.

I. The court finds as a matter of law that the collateral trust secured thrift certificates for first mortgage collateral trust gold bonds, series A and B, issued by the plaintiff herein during the period October 1, 1926, to October 1, 1928, and upon which a tax as provided in title 8 of the Revenue Act of 1926 was imposed, are within the purview of Schedule A (1) of section 800, title 8 of said act (26 USCA § 901, Schedule A (1), and are subject to the stamp tax imposed thereby.

II. The court finds that said certificates were, within the meaning of said act, certificates of indebtedness and instruments issued in registered form, and were known generally as corporate securities.

III. The court finds that the face value of said securities was the sum appearing on the face thereof as the amount to which the plaintiff obligated itself to the purchasers of said trust certificates upon maturity.

IV. The court finds that the determination of the Commissioner of Internal Revenue that there was a tax due on the certificates issued by the plaintiff during the period involved in the sum of $11,913.34 was correct, and that said tax was properly assessed and collected.

V. The court finds that the provisions of title 8 of the Revenue Act of 1926 (26 USCA § 901 et seq.), under which the taxes involved herein were assessed, levied, and collected, are constitutional.

Let judgment be entered accordingly for the defendant.